PEOPLE ex rel. McCULLOUGH v. SNYDER et al.

(Supreme Court, Appellate Division, Second Department. June 29, 1905.)

1. OFFICERS—CIVIL SERVICE LAWS—PREFERENCES TO UNION SOLDIERS—FAILURE TO CLAIM—EFFECT.

When a Union soldier applying for the appointment to a municipal office did not distinctly claim a preference, and did not aver that he had been honorably discharged, but waited four years after the appointment of another before claiming his preference, the appointment must be regarded as valid, and not as violative of the civil service laws giving preference to Union soldiers honorably discharged.

2. APPEAL—SUBSEQUENT APPEALS—LAW OF THE CASE—FORMER DECISION.

In mandamus proceedings to compel a city civil service commission to hold an examination to prepare a list of eligible candidates for the office

**of** superintendent of public works of the city, created by Laws 1898, p. 166, c. 87, providing for the appointment of a superintendent, and fixing his term of office for two years or until his successor shall be appointed, a decision that the failure to make a new appointment at the end of every two years continued in office the person originally appointed, which appointment was before the office was placed in the competitive class, so that there was no occasion for holding an examination to prepare a list of candidates, is binding in a subsequent proceeding by the relator to compel the commission to hold an examination and prepare a list of candidates for the office, instituted while the appointee continued in office under his original appointment.

Appeal from Special Term, Orange County.

Mandamus by the people, on the relation of James R. McCullough, against Charles E. Snyder and others, to compel respondents, as the municipal service commission of the city of Newburgh, to hold a competitive examination for an office in the city. From an order denying an application for a peremptory writ of mandamus, the relator appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

Robert H. Barnett, for appellant.
C. L. Waring, Corp. Counsel, for respondents.

WILLARD BARTLETT, J. In this proceeding the relator seeks to compel the municipal civil service commission of the city of Newburgh to hold a competitive examination for the position of superintendent of public works in that city, and to prepare, as a result thereof, a list of persons eligible for appointment to such office. A similar application was made by the same relator in 1902. It was denied at the Special Term, the order of denial was affirmed by the Appellate Division without opinion, and an appeal to the Court of Appeals was dismissed. People ex rel. McCullough v. Wilson, 80 App. Div. 640, 81 N. Y. Supp. 1140; s. c. 176 N. Y. 574, 68 N. E. 1123. The learned judge who heard the motion in the present proceeding denied it by reason of this former adjudication.

Chapter 87, p. 166, of the Laws of 1898, amending the charter of the city of Newburgh, provided that the board of public works should appoint a superintendent of public works, who should be a citizen and resident of the city. It provided further as follows:

"Such superintendent shall hold office until the first Tuesday of March in the year 1900 or until his successor shall be appointed, and every alternate year thereafter the said board or a majority thereof shall appoint a superintendent of public works to hold office for the term of two years or until his successor shall be appointed."

This portion of the statute took effect on March 18, 1898. Among the applicants for appointment thereunder were Friend W. Perkins, who had been superintendent of streets since 1896, and the relator, who was employed as assistant superintendent of streets. On April 14, 1898, the board of public works bestowed the appointment upon Perkins. At that time there was no civil service rule or regulation requiring the appointment to be made as the result of a com-

petitive examination. The relator contends, however, that this original appointment of Perkins was invalid, because it denied preference to him as an honorably discharged Union soldier. It does not appear that he distinctly claimed a preference on this ground at the time. Although the fact that he was a member of the Grand Army of the Republic and a veteran of the late war was mentioned in his application, there was no intimation that he claimed to be preferred for appointment on that ground, nor was there any statement that he had been honorably discharged. The claim to a preference does not seem to have been distinctly made until four years later, and, in view of this laches, the omission to state in his original application that he had been honorably discharged should not be regarded as merely a technical defect. The appointment of Perkins, therefore, in 1898, cannot be deemed violative of the civil service laws, but must be regarded as having conferred upon Perkins a valid title to the office for at least a period of two years.

In November, 1898, however, the municipal civil service commission of Newburgh placed the position of superintendent of public works in the competitive class, and provided that it should be filled by selection from those graded highest as the result of an open competitive examination. The contention of the relator, as I understand it, is that the combined effect of chapter 87, p. 166, of the Laws of 1898, and of this civil service regulation, compels the board of public works to make a new appointment to the office of superintendent of public works every two years as the result of an open competitive examination. As a matter of fact, no new appointment has ever been made since the original appointment of Perkins in April, 1898. The view entertained by the municipal civil service commission, the state civil service commission, and the learned judge who heard the case at Special Term in 1902, appears to have been that a failure to make a new appointment at the end of each period of two years operated to continue the superintendent in office under his original appointment, and that, there being no vacancy, there was no occasion for holding a competitive examination in order to prepare an eligible list of candidates.

Although I was not sitting when the former appeal was heard in this court, and no written opinion was delivered here, it is tolerably plain that the affirmance must have been based substantially upon the assumption that this view was correct. Having thus once declared it to be the law of the case, and not being satisfied that it was erroneous, I think we are bound to adhere to it upon this appeal. I therefore recommend an affirmance of the order under review.

Order affirmed, with $10 costs and disbursements. All concur.